UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON ABBOTT, | ) | CASE NO.  4:10CV2402 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION AND |
| | ) | ORDER |
| MAHONING COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff *pro se* Aaron Abbott, incarcerated in the Lake Erie Correctional Institution, Grafton, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the Mahoning County Sheriff's Department. Also before the Court is Plaintiff's Motion for Appointment of Counsel. (ECF 3). He asserts that Defendant unlawfully detained, harassed and intimidated him, while he was being held on false charges brought by the Beaver Township Police Department and the Mahoning County Prosecutor, because he refused to cooperate. Plaintiff requests that this Court conduct an investigation and award damages in the amount of $2,000,000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court

cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Under Ohio law, a sheriff's department is not a legal entity subject to suit. *Snyder v. Belmont County Sheriff's Depart.,* No. 2:08cv111, 2009 WL 467022, at * 4 (S.D. Ohio Feb. 23, 2009) (citing *Petty v. County of Franklin,* 478 F.3d 341, 347 (6th Cir. 2007)). *See Barrett v. Wallace*, 107 F. Supp.2d 949, 954 (S.D. Ohio 2000) (sheriff's department not a legal entity subject to suit). For this reason alone, Plaintiff's Complaint must be dismissed.

Moreover, on July 26, 2010, Plaintiff was convicted of burglary, R.C. 2911.12, in the Mahoning County Common Pleas Court and sentenced to a term of imprisonment of 4 years. *State of Ohio v. Abbott*, Case No. 50 2010CR00071. The allegations set forth in the Complaint clearly challenge the validity of Plaintiff's current conviction and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, [. . .] his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See Brooks v. McQuiggin,* No. 2:07cv70, 2010 WL 432250, at * 3 (W.D.Mich., Jan. 26, 2010) (habeas corpus is the appropriate remedy for state prisoners challenging the validity of the fact or length of their confinement). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.

Further, absent an allegation that Plaintiff's current conviction has been

reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, Plaintiff may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Omosule v. Hurley*, No. 3:09cv00261, 2009 WL 5167641, at * 2 (S.D. Ohio Dec. 21, 2009).

Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 12, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**